# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK KRETCHMER<br><br>          Plaintiff,<br><br>v.<br><br>BERRY GLOBAL, INC., LETICA RESOURCES INC. d/b/a BERRY FREIGHTLINES,<br><br>          Defendant. | Civil Action No. 3:24-cv-01286-GC-JBD<br><br>**[PROPOSED] JOINT DISCOVERY PLAN**<br><br>**May 9, 2024 Scheduling Conference** |

Plaintiff Mark Kretchmer and Defendants Berry Global, Inc. and Letica Resources Inc. d/b/a Berry Freightlines, by and through the undersigned counsel, submit this joint discovery plan in accordance with Fed. R. Civ. P. 16(b) and the Court's March 25, 2024 Order Scheduling Conference (ECF No. 5).

**1.     A brief statement of the facts underpinning the claims or defenses in the action, as well as a brief statement of the legal issues in the case:**

**Plaintiff's Response:**

Plaintiff alleges that he was terminated by Defendants in violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq. (CEPA).  Specifically, Plaintiff alleges that he was terminated in retaliation for complaints he made about safety issues and violations of wildlife protection laws.

**Defendants' Response:**

This case arises from Plaintiff's employment with Letica Resources, Inc. d/b/a Berry Freightlines.  Plaintiff alleges that he was terminated in retaliation for reporting alleged safety concerns regarding Defendants' vehicles and for reporting a coworker for allegedly harming geese on Defendants' property.  Defendants deny Plaintiff's allegations.

The legal issue to be decided in this case is whether Plaintiff's separation of employment was a violation of New Jersey's Conscientious Employee Protection Act, N.J.S.A. 34:19-1, et seq. ("CEPA").  Defendants state that Plaintiff's employment was terminated due to legitimate and non-retaliatory reasons, including a decline in business needs.  Defendants further state that Plaintiff's complaint arise from a personal dispute with a coworker.

**2.     A description of all discovery that the parties have conducted to date:**

The parties intend to serve their Initial Disclosures required by Fed. R. Civ. P. 26(f) on or before May 7, 2024.  The parties also intend to serve their initial interrogatories and requests for production of documents on or before May 14, 2024.

**3.     A description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties' suggested resolution of the problems:**

The parties have not encountered any discovery problems, to date.  The parties agree that should they encounter any discover problems, they will work cooperatively to attempt to resolve the issue before seeking Court intervention.

**4.     A description of the parties' further discovery needs:**

The parties will proceed with written discovery requests and depositions.  Defendants also anticipate serving third-party subpoenas on Plaintiff's healthcare providers and current and/or former employers.

**5.     The parties' estimate of the time needed to complete discovery:**

The parties propose a fact discovery end date of **November 30, 2024**, with an additional 90 days to complete expert discovery.

**6.     A statement regarding whether expert testimony will be necessary, and the parties' anticipated schedule for retention of experts and submission of their reports:**

Plaintiff does not anticipate retaining an expert at this time, but reserves the right to retain an expert at a later time.

Defendants do not anticipate retaining an expert at this time, but reserve the right to retain an expert at a later time.

The parties propose the following expert schedule: December 31, 2024 for Plaintiff's expert to issue a report, January 31, 2025 for Defendants' expert to issue a report, and completion of expert depositions by February 28, 2025.

7. **A statement regarding whether there should be any limitation(s) placed upon use of any discovery device and, if so, the reasons the limitation(s) is/are sought:**

The parties agree to the discovery limitations as set forth in Fed. R. Civ. P. 30 and 33.

8. **A description of any special discovery needs of the parties (e.g., videotape, telephone depositions, or problems with out-of-state witnesses or documents, or discovery of digital information) (see L. Civ. R. 26(d)).**

Plaintiff anticipates requesting videotapes from Defendants, which may require special discovery needs.

Defendants' corporate headquarters are in Indiana, and, corporate representatives may need to be deposed via video conference.

9. **A statement regarding whether the entry of a Confidentiality Order will be requested.**

The parties agree that the entry of a Stipulated Confidentiality Order is appropriate in this case and will submit one to the Court for approval.

Respectfully submitted,

| | |
|---|---|
| **BRANDON J. BRODERICK, LLC**<br>Attorneys for Plaintiff | **FISHER & PHILLIPS LLP**<br>Attorneys for Defendants |
| By:   *s/Michael K. Fortunato*<br>         Michael K. Fortunato, Esq. | By:   *s/Alba V. Aviles*<br>         Alba V. Aviles, Esq. |
| Dated: April 25, 2024 | Dated: April 25, 2024 |

FP 50463291.1